UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY L. SANCHEZ,

    Plaintiff,

v.                                                Case No. 8:20-cv-1281-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Disabled Widow's Benefits ("DWB"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and DWB (Tr. 223-26). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 60-77, 78-95, 100-15, 116-31). Plaintiff then

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

requested an administrative hearing (Tr. 156-57). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 34-59). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12-33). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1963 claimed disability beginning April 20, 2017 (Tr. 225). Plaintiff obtained a high school education (Tr. 242). Plaintiff's past relevant work experience included work as office clerk, graphic designer, and group advisor (Tr. 41-42, 81). Plaintiff alleged disability due to neck, shoulder, and back pain, carpal tunnel syndrome, tinnitus, migraines, diabetes, hypertension, high cholesterol, arthritis, and depression (Tr. 64).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2019 and had not engaged in substantial gainful activity since April 20, 2017, the alleged onset date (Tr. 17-18). The ALJ noted Plaintiff was previously found to meet the non-disability requirements for DWB (Tr. 17-18).[2]

---

[2] The widow of a full-insured individual is entitled to DWB if she establishes that she is either at least sixty years old or is at least fifty years older and has a disability under 20 C.F.R. § 404.1505, which began before the end of the proscribed period. *See* 42 U.S.C. § 402(e); 20 C.F.R. § 404.335(c). The prescribed period begins on the date of the insured's death and ends seven years later. 20 C.F.R. § 404.335(c)(1).

After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: cervical and lumbar spine disorders, dysfunction of major joints (left ankle, left knee), obesity, migraines, hypertension, diabetes, mellitus, and bilateral carpal tunnel syndrome (Tr. 18).[3] Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform less than a full range of light work, except that Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently; sit for six hours, stand and/or walk for six hours; occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; can frequently balance, and occasionally stoop, kneel, crouch, and crawl; can never work at unprotected heights with moving mechanical vehicles, in extreme cold, or with vibration; and is limited to frequent handling and fingering (Tr. 19). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 21).

---

[3] The ALJ also determined Plaintiff's medically determinable impairment of depression was nonsevere (Tr. 18).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work as a bookkeeper (Tr. 27). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 27).[4]

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether

---

[4] Because the ALJ found Plaintiff not disabled, the ALJ determined Plaintiff was not eligible for DWB (Tr. 28).

4

the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (citation omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the ALJ erred in two ways: (1) by determining that Plaintiff's past relevant work was a bookkeeper and that job met the standard for past relevant work, and (2) failing to fully and fairly develop the record. For the following reasons, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

**A.     Past Relevant Work**

First, Plaintiff contends that the ALJ erred in determining that Plaintiff's prior job as a bookkeeper constitutes past relevant work as it pertains to step four of the sequential evaluation process. The ALJ concluded that Plaintiff's prior job as a bookkeeper qualifies as past relevant work. Furthermore, based on the VE's

testimony, the ALJ concluded that Plaintiff could have performed past relevant work as a bookkeeper and was not disabled. For the following reasons, the ALJ's finding is not supported by substantial evidence.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. In determining a claimant's past relevant work experience, the ALJ considers work done within the last 15 years that lasted long enough for the claimant to learn to do it and that qualified as substantial gainful activity ("SGA"). 20 C.F.R. § 404.1560(b)(1); *see also Eyre v. Comm'r of Soc. Sec.*, 586 F. App'x 521, 523-24 (11th Cir. 2014).

First, Plaintiff argues none of her prior jobs would classify as bookkeeper. At the hearing, Plaintiff testified that her most recent job required her to work with special needs clients where she helped keep their bank accounts caught up and paid their bills using their paychecks/checkbooks (Tr. 41). Plaintiff testified that before that job, she built ads for a magazine (Tr. 41). Plaintiff also testified that she worked with children at a psychiatric treatment facility where she watched the children for their safety and generated medial reports (Tr. 41-42).

Plaintiff's testimony is supported by her Work History Report (Tr. 257-67). Most recent, Plaintiff stated she worked as a general office clerk from June 2015 to September 2015 where she managed the bank accounts of special needs clients, answered phones, maintained employee training records, and brought files up to date (Tr. 257, 261). Before that, Plaintiff stated she worked in graphics from March

2006 to September 2014 where she answered phones, performed general office work such as filing and typing reports, created digital ads, updated the website, and labeled magazines for mailing (Tr. 257, 262).  Last, Plaintiff stated she worked as a group adviser from July 2000 to October 2005 where she supervised adolescents with behavioral problems that included maintaining their safety and compliance with behavior programs, and generated medical reports (Tr. 257, 262, 267).

At the initial and reconsideration levels, the evaluators found Plaintiff's past relevant work to be a graphic designer, a caseworker, and an administrative clerk (Tr. 75, 93, 113, 129).  The evaluators also concluded Plaintiff could not perform her past relevant work (Tr. 75, 93, 113, 129).

Based on Plaintiff's hearing testimony, the VE stated that the duties described were consistent with that of a bookkeeper, sedentary work with a Specific Vocational Preparation ("SVP") of 6 (Tr. 53).  But the VE did not state which of Plaintiff's past three jobs this would apply to.  Plaintiff asserts the only possible past job the ALJ could have been referencing was her prior work for a Medicaid waiver company where she worked as general office clerk, classified as an administrative clerk under the Dictionary of Occupational Titles ("DOT").

> Under the DOT, an administrative clerk
>
> Compiles and maintains records of business transactions and office activities of establishment, performing variety of following or similar clerical duties and utilizing knowledge of systems or procedures: Copies data and compiles records and reports. Tabulates and posts data in record books. Computes wages, taxes, premiums, commissions, and payments. Records orders for merchandise or service. Gives information to and interviews customers, claimants, employees, and sales personnel. Receives, counts, and pays out cash.

8

> Prepares, issues, and sends out receipts, bills, policies, invoices, statements, and checks. Prepares stock inventory. Adjusts complaints. Operates office machines, such as typewriter, adding, calculating, and duplicating machines. Opens and routes incoming mail, answers correspondence, and prepares outgoing mail. May take dictation. May greet and assist visitors. May prepare payroll. May keep books. May purchase supplies. May operate computer terminal to input and retrieve data.

DOT 219.362-10, 1991 WL 671953.

> Under the DOT, a bookkeeper
>
> Keeps records of financial transactions for establishment, using calculator and computer. Verifies, allocates, and post details of busines transactions to subsidiary accounts in journals or computer files from documents, such as sales slips, invoices, receipts, check stubs, and computer printouts. Summarizes details in separate ledgers or computer files and transfers data to general ledger, using calculator or computer. Reconciles and balances accounts. May compile reports to show statistics, such as cash receipts and expenditures, accounts payable and receivable, profit and loss, and other items pertinent to operation of business. May calculate employee wages from plant records or time cards and prepare checks for payment of wages. May prepare withholding, Social Security, and other tax reports. May compute, type and mail monthly statements to customers.

DOT 210.382-14, 1991 WL 671821.

Although both occupations involve clerical work, nothing from Plaintiff's Work History Report and hearing testimony supports that Plaintiff worked as a bookkeeper. Instead, out of all the duties for a bookkeeper, Plaintiff's prior job only required her to reconcile and balance the clients' accounts (Tr. 261).

Rather, Plaintiff's Work History Report and hearing testimony supports Plaintiff's past relevant work was that of an administrative clerk. At the prior job, Plaintiff maintained the records for her special needs clients, sent out payment for bills and reconciled the books for those clients, and kept records up to date. Thus,

9

the ALJ erred in determining that Plaintiff's past work was a bookkeeper and thus that finding is not supported by substantial evidence.

Even if the ALJ properly characterized Plaintiff's prior job as a "bookkeeper," Plaintiff contends that job does not meet the standard for past relevant work. Specifically, Plaintiff asserts the role does not constitutes SGA and Plaintiff did not perform the role long enough to learn the job.

Plaintiff contends that the prior job as a "bookkeeper" does not constitute SGA. "In evaluating work activity for [SGA] purposes where the claimant was an employee in the past, the chief consideration is the claimant's earnings from the work activity." *Eyre*, 586 F. App'x at 524 (citing 20 C.F.R. § 404.1574(a)(1)). The ALJ ordinarily will consider that the claimant either was or was not engaged in SGA if her average monthly earnings are above or below a certain amount established by the Social Security Administration's earnings guidelines. *Eyre*, 586 F. App'x at 524; 20 C.F.R. § 404.1574(b)(2)-(3). "If a claimant receives wages exceeding those set out in an earnings guidelines table, a presumption arises that she was engaged in substantial gainful activity during that period." *Chacon v. Saul*, No. 19-cv-2371-T-TGW, 2020 WL 6624927, at *3 (M.D. Fla. Nov. 12, 2020).

Here, the record reflects that Plaintiff earned $1,091 for her work as a "bookkeeper" (Tr. 357). The regulations provide that if an individual worked and earned $1,091 per month in 2015, then she was engaging in SGA. Here, the ALJ did not try to address whether Plaintiff's pay exceeded that threshold. In fact, the ALJ could not have determined that Plaintiff's work as a "bookkeeper" met the

requirement to show she was engaging in SGA. Specifically, Plaintiff's "Detailed Earnings Query" dated July 21, 2018 shows that Plaintiff received $1,091 in 2015 for her "bookkeeper" work performed at Medicaid Waiver Company over a period of about three to four months (Tr. 234, 257).[5] Thus, Plaintiff's earnings during that three-to-four-month period amount to roughly between $272 and $363 per month, which fails significantly below the amount established as SGA by the regulations. In Plaintiff's Work History Report, she states that her rate of pay was $9.00 an hour and two to three days per week for four hours (Tr. 261). Using this information, Plaintiff received weekly pay of around $72.00 (for two days a week) to 108.00 (for three days a week) during her work as a "bookkeeper" (Tr. 261). Based on Plaintiff's prior earnings and the lack of discussion by the ALJ, both at the hearing and in the decision, it is impossible to determine whether the Commissioner afforded Plaintiff the presumption that she did not partake in SGA.

Although the Commissioner correctly argues the ALJ can consider other evidence to determine whether the claimant engaged in SGA, the hearing transcript and the ALJ's decision fail to reveal what, if any evidence, the ALJ considered. *See Eyre*, 586 F. App'x at 524 (explaining that earnings are not dispositive and the ALJ can consider other evidence including the energy, skill, and physical activity of the claimant's past work); 20 C.F.R. § 404.1574(a)(1), (b)(3)(ii)(A). Without a more

---

[5] In Plaintiff's Work History Report, she stated she worked from June 2015 to September 2015 at Medicaid Waiver Company (Tr. 257). However, because Plaintiff did not provide set dates, Plaintiff could have worked with Medicaid Waiver Company for between three and four months.

properly developed record, the ALJ's decision fails to show Plaintiff's role as "bookkeeper" was SGA. *See McCrea v. Astrue*, 407 F. App'x 394, 396 (11th Cir. 2011) (remanding to SSA because the ALJ failed to develop a fair record by not eliciting information about the claimant's past relevant work at the hearing when the record showed that the claimant's earnings were below SGA levels); *see also Walker v. Comm'r of Soc. Sec.*, No. 8:19-cv-627-T-JSS, 2020 WL 3428037, at *4 (M.D. Fla. June 23, 2020) (remanding to SSA because ALJ addressed no evidence, outside Plaintiff's earnings below the SGA level, to show that Plaintiff had past relevant work as food service worker).

Plaintiff argues that she only performed this job for three months which was not long enough for her to learn the job. With respect to the duration required for a claimant to learn a job, SSR 82-62 provides:

> Duration refers to the length of time during which the person gained job experience. It should have been sufficient for the worker to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation. The length of time this would take depends on the nature and complexity of the work.

SSR 82-62, 1982 WL 31386, at *2. Similarly, for purposes of the DOT, SVP "is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT App. C, § II, 1991 WL 688702.

At the hearing, the VE testified that Plaintiff's prior work as a "bookkeeper" required an SVP rating of 6 (Tr. 53). According to the DOT, an SVP 6 rating

requires over one year and up to two years of vocational preparation to constitute past relevant work.[6]  DOT App. C, § II, 1991 WL 688702.  Per Plaintiff's work history, Plaintiff worked as a "bookkeeper" for only three to four months part-time (Tr. 257).

Although the Commissioner again submits that the ALJ considered other relevant information in making this determination, the hearing transcript and the ALJ's decision fail to reveal as much.  Of note, the ALJ's decision fails to address how Plaintiff could have learned a job that requires over a year to learn the job when she only worked at that job part-time for three to four months.  Without a more adequately developed record, the ALJ's decision fails to show Plaintiff's on-the-job training lasted long enough for her to learn how to perform the job.  *See Pezza v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:17-cv-925-J-MCR, 2018 WL 3655557, at *3 (M.D. Fla. Aug. 2, 2018).  Given the record lacks substantial evidence to support the ALJ's finding that Plaintiff can perform her past relevant work, remand is appropriate.

### B.     Failure to Develop the Record

Plaintiff contends that the ALJ failed to fairly and fully develop the record by not obtaining an opinion on how Plaintiff's carpal tunnel syndrome affected her ability to perform basic work activities.  Even though Social Security proceedings

---

[6] Although an ALJ considers how long the claimant works at that particular job, the DOT allows the ALJ to consider other information such as on-the-job training, education, and essential experience in other jobs to determine whether the claimant meets SVP for their past relevant work.  DOT App. C, § II, 1991 WL 688702.

are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007); 20 C.F.R. § 404.1512(a). During the administrative process, therefore, a claimant must inform the Social Security Administration about or submit all evidence known to the claimant relating to whether the claimant is blind or disabled. 20 C.F.R. § 404.1512(c). Though the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is charged with developing a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ maintains this basic obligation to develop a full and fair record without regard for whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (citation omitted). When the plaintiff demonstrates that the record reveals evidentiary gaps which result in unfairness or "clear prejudice," remand is warranted. *Id.* at 935; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("Remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice.") (quotation and citation omitted); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record.") (citation omitted).

  Although the ALJ has a duty to develop the record, the ALJ is not required to order a consultative examination when the record contains sufficient evidence on

which the ALJ can make an informed decision. *Ingram*, 496 F.3d at 1269 (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)); 20 C.F.R. §§ 404.1512(e), 404.1519a. The decision to recontact a medical source or to order a consultative examination remains within the discretion of the Commissioner. *See, generally,* 20 C.F.R. § 404.1520b(c).

Because remand is required on Plaintiff's first claim of error, this Court makes no determination about whether the ALJ should have ordered a consultative exam to address Plaintiff's carpal tunnel syndrome. *See Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised).  However, given the remand to the SSA, the ALJ should review whether additional evidence, such as a consultative exam, is necessary to determine how Plaintiff's carpal tunnel syndrome has progressed and whether additional RFC limitations are necessary.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

      2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

      DONE AND ORDERED in Tampa, Florida, on this 20th day of August 2021.

                                              ANTHONY E. PORCELLI
                                              United States Magistrate Judge

cc:  Counsel of Record